**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RICHARD MORA,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL HILL, TERRENCE NAPIER, QUANETIA JOHNSON-CHAPMAN, AND JOHN DOES.[1]<br><br>Defendants. | JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT FOR DAMAGES AND OTHER RELIEF**

COMES NOW, Plaintiff, RICHARD MORA ("Plaintiff" or "Mora"), by and through the undersigned counsel, and hereby files this Verified Complaint for Damages and Other Relief against Defendants in the above-styled matter, as follows:

**PARTIES**

1.

Defendant Hill is a Georgia resident residing at 4625 Candacraig Rd, Alpharetta, GA 30022.

---

[1] On information and belief, Plaintiff anticipates uncovering information via discovery which will result in the need to add additional parties and/or entities for the purpose of obtaining complete relief in this matter.

2.

Defendant Napier is believed and alleged to be a Georgia resident.

3.

Defendant Quanetia Johnson-Chapman is believed and alleged to be a Georgia resident.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331.

5.

Further, this Court has supplemental jurisdiction over any state law claims because said claims are so related to the federal violations herein that they form part of the same case and controversy under Article III of the United States Constitution.

6.

A significant portion of the events that give rise to this Complaint took place in Atlanta, Georgia.

7.

Venue is proper in the U.S. District Court for the Northern District of Georgia, Atlanta Division and Defendants are subject to this Court's personal jurisdiction,

because Defendants reside in this district and/or the acts giving rise to Plaintiff's Complaint occurred within this district.

8.

The exercise of personal jurisdiction herein comports with constitutional due process requirements.

## FACTUAL ALLEGATIONS

9.

Plaintiff met Defendant Ariel Hill ("Hill") in February of 2025 while she was working at The Cheetah Lounge, located here in Atlanta, GA.

10.

Hill is a dancer working at the Cheetah Lounge, and on information and belief, additionally performs services as an escort, prostitute, porn star, online influencer, model, singer, stylist, among other engagements for money.

11.

Upon meeting at the Cheetah Lounge, Hill immediately set her sights on Plaintiff.

12.

Hill targeted Plaintiff. Hill aggressively flirted with Plaintiff, while, at all times, intending to extract as much money as possible. To be sure, Hill specifically intended to harm Plaintiff.

13.

Hill is a "professional" temptress, highly skilled at identifying wealthy individuals like Plaintiff, and manipulating them to her benefit. It would not be an exaggeration to characterize Hill as a heat seeking missile.

14.

Hill, dangled sex, but never delivered. More important, Hill convinced Plaintiff that she was genuinely interested in pursuing a serious relationship to include marriage. Hill knew Plaintiff was married. Hill fully intended to and ultimately did threaten disclosure to Plaintiff's wife in order to extort money.

15.

As part of her elaborate scheme, Hill promised to end her career as a dancer so she could be a suitable companion for Plaintiff. But, Hill explained, she made a lot of money as a dancer, and she would need for Plaintiff to replace that income. According to Hill, she needed hundreds of thousands of dollars to replace her income. Plaintiff paid.

16.

Hill convinced Plaintiff to buy her a car, clothes, and jewelry. Hill convinced Plaintiff to pay for expensive travel, including lavish accommodations.

17.

Ultimately, Hill convinced Plaintiff to spend more than a million dollars to and for the benefit of Hill.

18.

Plaintiff was lovestruck and helpless – just as Hill intended. To get money from Plaintiff Hill told many lies. Hill made the following misrepresentations and more: 1) Hill wanted to be in a serious relationship with Plaintiff; 2) Hill earned hundreds of thousands of dollars per year as a dancer; 3) Hill would stop dancing if Plaintiff would replace her income; 4) Hill was thankful and grateful for Plaintiff and really cared for him. Plaintiff believed and relied on these misrepresentations. Plaintiff thought it was love. Meanwhile, Hill continued to increase the amounts of money she "needed."

19.

As Plaintiff began to realize what was happening, he slowed the flow of money. Hill quickly pivoted to threats. Hill threatened to break up with Plaintiff and to tell his wife if Plaintiff did not pay her. Hill threatened to post about Plaintiff on social media. Plaintiff has, since, made good on these threats.

20.

Indeed, Hill has filed pro se lawsuits against Plaintiff and even against a business that formerly employed Plaintiff and against another company where

Plaintiff is a member of the Board of Directors. Plaintiff is believed to have filed lawsuits in California, Indiana, and Georgia.[2] So far as Plaintiff is aware, none of the suits have been served.

21.

Additionally, Hill has posted about Plaintiff on social media. The posts include a YouTube video and other postings on various social media platforms disparaging Plaintiff's character. The posts include false and derogatory information and are, thus defamatory. The defamatory posts have caused nominal, actual, and presumed damages.

22.

Hill even went so far as to make social media accounts impersonating Plaintiff to damage his reputation. See Exhibit 1.

23.

Hill has stalked Plaintiff including coming to his home without permission and as a trespasser. Hill tacked lawsuit papers to Plaintiff's front door and then ordered pizzas to be delivered to his home. Hill has sent threatening text messages

---

[2] The Georgia action is pending in Superior Court of Fulton County under Case No. 25CV012689 and the Indiana action is pending in the Superior Court of Tippicanoe County under Case No. 79D01-2509-CT-000163.

to Plaintiff, including an image of an hourglass – apparently suggesting that Plaintiff's time was limited.

24.

Hill led Plaintiff to believe that their relationship was born out of genuine love and care for one another. This was a lie. Hill targeted and exploited Plaintiff so that she could obtain large sums of money, property, and other things of value for her benefit and for the benefit of those associated with her.

25.

Hill did not work alone. Rather, Hill, Napier, Johnson-Chapman, and, likely, others, conspired and worked together to maximize the money Plaintiff paid. For example, in addition to seeking money, property, and other things of value for herself, Hill sought money from Plaintiff allegedly to give to her friend, Quanetia "Tia" Johnson-Chapman ("Johnson"). Plaintiff believes, and therefore alleges, that Johnson was in on the con, and was, at all times, a co-conspirator advising Hill on ways to seduce Plaintiff. On information and belief, Johnson is a model and a friend of Hill's.

26.

Upon information and belief, Plaintiff, at the direction of Hill, provided money to Johnson for clothing and for a home, among other purchases.

27.

It is believed, and therefore, alleged that Terrence Napier ("Napier") is also a co-conspirator, and in on the con. In fact, it is believed that Hill likely works for and at the direction of Napier.

28.

On information and belief, Hill and Napier owned and/or operated a "spa" together on Cheshire Bridge Rd in or around 2018 for the purposes of prostitution and/or other illegal services.

29.

On information and belief, Napier remains an associate and co-conspirator of Hill's and the two continue to engage in various criminal enterprises which violate both state and federal laws.

30.

Based upon the large sums of money that Hill sought from Plaintiff, and how quickly she seemed to need more and that these people knew each other and had prior dealings, it became clear that Hill, Napier, and Johnson were conspiring and working together for the purposes of a larger criminal scheme and/or conspiracy.

31.

On information and belief, the Defendants in this action are working in concert as part of a conspiracy to target and solicit wealthy individuals like Plaintiff,

and then threaten, coerce, and/or otherwise extort them into paying large sums of money.

## COUNT I – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961 (C) "RICO ACT"

32.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

33.

Under 18 U.S.C. § 1962 (b), it shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

34.

Under 18 U.S.C. § 1962 (c), it shall be unlawful for any person employed or associated with any enterprise engaged in or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a "pattern of racketeering activity" or collection of unlawful debt.

35.

Here, upon information and belief, Defendants in the above-styled matter are culpable persons that conducted the affairs of a criminal enterprise through a pattern of racketeering activity.

36.

A "pattern of racketeering activity" exists when two or more "predicate acts" are committed in furtherance of a fraudulent scheme.

37.

As more fully described in the below Paragraphs of this Complaint, Defendants have engaged in a myriad of predicate acts of which establish racketeering activity.

**COUNT II – WIRE FRAUD**

38.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

39.

Under 18 U.S.C. § 1343, it is a criminal offense to devise a scheme or artifice for obtaining money by means of false pretenses or representations, by means of wire communication in interstate commerce.

40.

Here, upon information and belief, Defendants – notably Hill – committed multiple acts of wire fraud by transmitting, via wire in interstate commerce, false statements and telephonic communications which induced Plaintiff to provide significant sums of money, property, and other things of value.

41.

The above acts, along with other acts of wire fraud, were made in furtherance of Defendants' fraudulent conspiracy and/or scheme, which directly and proximately caused Plaintiff significant financial harm in an amount to be determined, but no less than $1,000,000.00.

## COUNT III – MONEY LAUNDERING

42.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

43.

Pursuant to 18 U.S.C. § 1956 (a) (1) whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity (A) (i) with the intent to promote the carrying on of specific unlawful activity; or (ii) with intent to engage in conduct constitution a violation of section 7201 or 7206 of the Internal Revenue Code or (B)

knowing that the transaction is designed in whole or in part (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity or (ii) to avoid a transaction reporting requirement under state or federal law, shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater.

44.

Here, upon information and belief, Defendants have knowingly solicited money and property with the intent to promote the carrying on of unlawful activity and knowing that the transaction itself, is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity.

45.

On information and belief, and due to the behavior described above, Defendants have damaged Plaintiff in amounts to be determined at trial but not being less than $1,000,000.00. Pursuant to the statute Plaintiff is entitled to twice the value of property involved in the transaction.

**COUNT IV – VIOLATIONS OF THE "TAKE IT DOWN" ACT**

46.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

47.

Pursuant to recent amendments to 47 U.S.C. § 223, known as the "Take it Down Act", it shall be unlawful for any person, in interstate or foreign commerce, to use an interactive computer service to knowingly publish an intimate visual depiction of an identifiable individual who is not a minor if—the intimate visual depiction was obtained or created under circumstances in which the person knew or reasonably should have known the identifiable individual had a reasonable expectation of privacy; what is depicted was not voluntarily exposed by the identifiable individual in a public or commercial setting; what is depicted is not a matter of public concern; and publication of the intimate visual depiction— is intended to cause harm; or causes harm, including psychological, financial, or reputational harm, to the identifiable individual.

48.

Further, it shall be unlawful for any person, in interstate or foreign commerce, to use an interactive computer service to knowingly publish a digital forgery of an identifiable individual who is not a minor if—the digital forgery was published without the consent of the identifiable individual; what is depicted was not voluntarily exposed by the identifiable individual in a public or commercial setting; what is depicted is not a matter of public concern; and publication of the digital

forgery— is intended to cause harm; or causes harm, including psychological, financial, or reputational harm, to the identifiable individual.

49.

Upon information and belief, Defendants have knowingly published or threatened to publish an intimate visual depiction of Plaintiff and the intimate visual depiction was obtained or created under circumstances in which Plaintiff had a reasonable expectation of privacy; what is depicted was not voluntarily exposed by Plaintiff in a public or commercial setting; what is depicted is not a matter of public concern; and publication of the intimate visual depiction— is intended to cause harm; or causes harm, including psychological, financial, or reputational harm, to Plaintiff.

50.

Moreover, upon information and belief, Defendants have used an interactive computer service to knowingly publish a digital forgery of Plaintiff and the digital forgery was published without the consent of Plaintiff; what is depicted was not voluntarily exposed by Plaintiff in a public or commercial setting; what is depicted is not a matter of public concern; and publication of the digital forgery— is intended to cause harm; or causes harm, including psychological, financial, or reputational harm, to Plaintiff.

51.

On information and belief, and due to the behavior described above, Defendants have damaged Plaintiff in amounts to be determined at trial, but not being less than $1,000,000.00.

**COUNT V – EXTORTION**

52.

Pursuant to 18 U.S.C. § 873, whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both.

53.

Further, and pursuant to 18 U.S.C. § 875 (d), whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

54.

Upon information and belief, Defendants, acting in concert, demanded large sums of money, property, and other valuable things from Plaintiff under a threat of informing, or as a consideration for not informing, of false allegations of violations of state and federal law.

55.

Further, upon information and belief, Defendants, notably Hill, transmitted via interstate or foreign commerce communications containing threats to injure the property or reputation of Plaintiff as a means to coerce Plaintiff to pay large sums of money, property, and other things of value.

56.

On information and belief, and due to the behavior described above, Defendants have damaged Plaintiff in amounts to be determined at trial, but not being less than $1,000,000.00.

## COUNT VI – CONSPIRACY

57.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

58.

Upon information and belief, at all relevant times, as described above, Defendants have conspired and have acted pursuant to an agreement to accomplish the conduct described in this Complaint.

59.

Accordingly, the acts and omissions of each Defendant are attributable to the other Defendants in the above-styled matter such that Defendants are each liable for all misconduct described herein, irrespective of whether such Defendant personally engages in said conduct.

60.

On information and belief, and due to the behavior described above, Defendants have damaged Plaintiff in amounts to be determined at trial, but not being less than $1,000,000.00.

**COUNT VII – FRAUD**

61.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

62.

During Hill's interactions with Plaintiff, Hill made a series of false representations concerning her intentions, career and income, among other

misrepresentations, for the purposes of inducing Plaintiff to provide her money, property, and other things of value.

63.

Hill induced Plaintiff to provide the money and property in furtherance of her conspiracy and/or scheme with the other above-named Defendants.

64.

Plaintiff was induced to provide the money and property as a direct and proximate result of Hill's false representations.

65.

By deliberately, intentionally, willfully and maliciously diverting revenue from Plaintiff to Defendants under false pretenses, Defendants have defrauded and damaged Plaintiff.

66.

In detrimental reliance on Hill's representations, Plaintiff was induced to provide money and other property in an amount to be determined, but no less than $1,000,000.00.

**COUNT VIII – THEFT BY TAKING**

67.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

68.

As described above, and upon information and belief, Defendants have stolen money and property of Plaintiff.

69.

As a result of said thefts, Plaintiff has suffered damages in amounts to be proven at trial, said amount not being less than $1,000,000.00.

**COUNT IX – UNJUST ENRICHMENT**

70.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

71.

As a result of Defendants' fraudulent behavior, and otherwise, Plaintiff was induced to provide money, property, and other things of value to Defendants which directly benefitted Defendants.

72.

In all respects described, above, Defendants have unjustly enriched themselves at the expense of Plaintiff in amounts to be determined at trial.

**COUNT X – DEFAMATION**

73.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

74.

Hill made false statements regarding Plaintiff's trade, office, character, and/or profession, which were made with the intention to injure Plaintiff's reputation.

75.

Upon information and belief, Hill worked in conjunction with the other Defendants to make these false allegations as part of a larger scheme to extort and/or otherwise threaten Plaintiff into providing money, property, and other things of value.

76.

As a result of the conduct described above, Plaintiff has been damaged in amounts to be determined at trial.

**COUNT XI – PUNITIVE DAMAGES**

77.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

78.

Defendants have engaged in willful misconduct, malice, wantonness, oppression and the entire want of care so as to raise a presumption of conscious indifference to the consequences therein.

79.

Defendants have acted with a specific intent to harm Plaintiff.

80.

Accordingly, Plaintiff is entitled to punitive damages against Defendants in amounts to be determined at trial.

## COUNT XII – ATTORNEYS' FEES AND COSTS

81.

Plaintiff incorporates by reference the preceding factual allegations as though fully incorporated herein.

82.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to collect attorneys' fees and costs from Defendants because Defendants have acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff to incur unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a) For a trial by jury of twelve on all counts so triable;

(b) For damages in an amount to be determined, said amount not being less than $1,000,000.00;

(c) For entry of a judgment in favor of Plaintiff and against Defendants for all damages and relief allowed by law, including but not limited to actual damages, nominal, punitive damages, liquidated damages, attorneys' fees and costs, pre-judgment interest, and post-judgment interest;

(d) For entry of a Temporary Restraining Order, in a form that the Court deems just and proper to enjoin Defendants and all persons and entities who see or become aware of the injunction to include but not be limited to Defendants themselves and social media platforms, from publishing or otherwise making available to third parties text, photos, images, videos, and or information concerning any relationship with Defendants or any of them;

(e) For entry of a preliminary injunction, in a form that the Court deems just and proper to enjoin Defendants and all persons and entities who see or become aware of the injunction to include but not be limited to Defendants themselves and social media platforms, from publishing or otherwise making available to third parties text, photos, images, videos,

and or information concerning any relationship with Defendants or any of them;

(f) For entry of a permanent injunction, in a form that the Court deems just and proper to enjoin Defendants and all persons and entities who see or become aware of the injunction to include but not be limited to Defendants themselves and social media platforms, from publishing or otherwise making available to third parties text, photos, images, videos, and or information concerning any relationship with Defendants or any of them.

(g) That the Court grant Plaintiff such other and further relief as deemed just and proper.

Respectfully submitted this 3rd day of October, 2025

**COHAN & LEVY**

***/S/ Louis R. Cohan***
LOUIS R. COHAN
Georgia Bar No. 173357
Emily A. Ficarrotta
Georgia Bar No. 402863
Mary S. Williams
Georgia Bar No. 914630
Rachel Snider
Georgia Bar No. 665766
Andrew Snider

Georgia Bar No. 438993
3340 Peachtree Rd. NE, Ste. 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlevy.com
eficarrotta@cohanlevy.com
mwilliams@cohanlevy.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RICHARD MORA,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL HILL, TERRENCE NAPIER, QUANETIA JOHNSON-CHAPMAN, AND JOHN DOES.<br><br>Defendants. | JURY TRIAL DEMANDED |

**DECLARATION OF RICHARD MORA**

I, Richard Mora, the Plaintiff in the above-styled action, and pursuant to 28 U.S.C. § 1746, declare as follows:

- The facts and allegations set forth in Plaintiff's Verified Complaint for Damages and Other Relief are true and correct to the best of my knowledge and information.

I declare under penalty of perjury that the foregoing is true and correct

Richard Mora
RICHARD MORA

Executed on: 10/3/25

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rule 5.1

**COHAN & LEVY**

***/S/ Louis R. Cohan***

LOUIS R. COHAN
Georgia Bar No. 173357
Emily A. Ficarrotta
Georgia Bar No. 402863
Mary S. Williams
Georgia Bar No. 914630
Rachel Snider
Georgia Bar No. 665766
Andrew Snider
Georgia Bar No. 438993
3340 Peachtree Rd. NE, Ste. 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlevy.com
eficarrotta@cohanlevy.com
mwilliams@cohanlevy.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICHARD MORA,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL HILL, TERRENCE NAPIER, QUANETIA JOHNSON-CHAPMAN, AND JOHN DOES.<br><br>Defendants. | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served all parties with the foregoing ***Verified Complaint For Damages and Other Relief*** via email and have electronically filed the same using the CM/ECF system, which will automatically send email notification of such filing to all attorneys and/or pro se Parties of record:

Respectfully submitted this 3rd day of October, 2025

**COHAN & LEVY**

***/S/ Louis R. Cohan***
LOUIS R. COHAN
Georgia Bar No. 173357
Emily A. Ficarrotta
Georgia Bar No. 402863

Mary S. Williams
Georgia Bar No. 914630
Rachel Snider
Georgia Bar No. 665766
Andrew Snider
Georgia Bar No. 438993
3340 Peachtree Rd. NE, Ste. 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlevy.com
eficarrotta@cohanlevy.com
mwilliams@cohanlevy.com
*Counsel for Plaintiff*

# EXHIBIT 1

Richard S. Mora
9 posts

- Home
- Explore
- Notifications
- Messages
- Grok
- Bookmarks
- Communities
- Premium
- Verified Orgs
- Profile
- More

Post





Follow

**Richard S. Mora**
@richardmorax

Serial Cheater & Scammer

Lafayette N | enphase.com | Joined February 2015

1,978 Following 27.2K Followers

Not followed by anyone you're following

Posts | Replies | Media

Richard S. Mora reposted

**Richard S. Mora** @richardmorax · Sep 24
The stripper scammer Richard S. Moron

0:15

1 | 1 | 244

**Richard S. Mora** @richardmorax · Sep 24
Case:
Ariel Hill v. Richard Mora
79D01-2509-CT-000163
Court:

ndiana Superior Court, Tippecanoe County
Date Filed:

September 12, 2025
Plaintiff:

Ariel Hill
Defendant:

Richard Mora

170

**Richard S. Mora** @richardmorax · Sep 24
Case:
Ariel Hill v. Richard Mora, Landis+Gyr Technology, nc
25CV012689
Court:

Georgia Superior Court, Fulton County
Date Filed:

September 11, 2025
Plaintiff:

Ariel Hill
Defendants:

Landis+Gyr Technology, nc, Richard Mora

126

**Richard S. Mora** @richardmorax · Sep 24
stay tuned many many more post to come 😍

125

**Richard S. Mora** @richardmorax · Sep 24
The stripper scammer Richard S. Moron

0:05 / 0:17

1 | 1 | 244

## Who to follow

⚔️Saint Saskia- the Succubus
@SaskiSucks
Follow
✨Dominant delight~Truth teller~ llusion buster~Mama bear✨ ❤️‍🔥
Sensuality is a sacred current through all senses that allows for embodied presence & wonder❤️‍🔥

carter "cool girl" cruise
@CarterCruise
Follow
professional party girl // baby gamer // all star yapper // live daily on pump.fun EkkvgVAegr14bAwqBUmnPtpO3N9n5DaLLCkUiBUm5FH

Jessica Bennett
@JessicaBennettB
Follow
Content Creator. Click my link tree below to see where you can hangout with me! 💋

Show more

Search

## You might like

⚔️Saint Saskia- the S... @SaskiSucks Follow

carter "cool girl" cr... @CarterCruise Follow

Jessica Bennett @JessicaBennettB Follow

Show more

## What's happening



Stockton Street
LIVE

WNBA · Trending
Napheesa Collier
37.5K posts

Trending in United States
Jane Goodall
4,716 posts

Trending in United States
McKinstry

Sports · Trending
Braves
13.4K posts

Show more

Terms of Service | Privacy Policy | Cookie Policy | Accessibility | Ads info | More ··· © 2025 X Corp.

Mary Williams
@mary_sow

Messages